IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN PAVAO,

    Plaintiff,

v.                                              CASE NO. 5:13-cv-233-WS-GRJ

OFFICER SIMS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on June 20, 2013, by filing a complaint pursuant to 42 U.S.C § 1983, Doc. 1. The Complaint stems from an incident at Apalachee CI. Plaintiff was charged with a disciplinary infraction for having physical contact with a teenage volunteer at the prison chapel. Plaintiff contends that on November 20, 2012, after he was placed in administrative confinement, the Defendant, Officer Sims, provoked Plaintiff's cellmate into attacking Plaintiff by referring to Plaintiff as a "child molester" and "F.B.I. confidential source" in front of the cellmate. The cellmate punched and kicked Plaintiff until he passed out, causing Plaintiff to black out. Plaintiff required facial stitches and was bruised. Plaintiff alleges that the cellmate did not receive a disciplinary report, but was transferred to a different unit. Doc. 1.

Defendant has filed a motion to dismiss the complaint for failure to exhaust administrative remedies, and Plaintiff has filed a response in opposition to the motion. Docs. 52, 59. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

## PLRA EXHAUSTION REQUIREMENT

The PLRA provides that "[n]o action shall be brought" by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has interpreted this provision to "mandate[ ] strict exhaustion" no matter "the forms of relief sought and offered through administrative avenues." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir.2005) (quotation marks omitted). To exhaust administrative remedies, a prisoner must complete the administrative review process according to the rules set forth in the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, the PLRA's exhaustion provision requires compliance with prison grievance procedures. *Id*.

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir.2001). It is also clear that, for exhaustion purposes, the facts that count are those in existence at the time the plaintiff files his lawsuit. *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a prisoner" is determined as of the time suit is filed). Section 1997e(a) provides that "[n]o action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The word "brought" in this context "refer[s] to the filing or commencement of a lawsuit, not to its continuation." *Harris*, 216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply with

state grievance procedures "*before* filing a federal lawsuit under section 1983") (emphasis added).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

The motion to dismiss and attached exhibits reflect the following. Ms. Malisa Owens, a DOC employee at Apalachee CI West Unit, reviewed Plaintiff's grievance file for grievances submitted by Plaintiff before the filing of this case. Doc. 52 Exh. A. (Declaration of Malisa Owens). Ms. Owens located one informal grievance and two formal grievances referencing the November 20, 2012, incident. The informal grievance was assigned log number 2013-03-0809. The formal grievances are log numbers: 1212-102-096 and 1302-102-077. *Id*. Ms. Shirley Johnson of the Bureau of Inmate Grievance Appeals in Tallahassee reviewed Plaintiff's administrative grievance appeals and found three such appeals (12-6-39805; 12-6-40775; and 13-6-06645) filed and responded to prior to the filing of this lawsuit. Doc. 53 Exh. B.

On December 17, 2012, Plaintiff filed with the Office of the Secretary

administrative appeal number 12-6-39805.  Doc. 52 Exh. C.  The appeal was returned without action because Plaintiff sought to appeal his disciplinary conviction of November 30, 2012, as well as assert claims pertaining to the confiscation of property and the alleged actions by Officer Sims.  Plaintiff was advised the appeal failed to comply with administrative rules limiting grievance to appeals to only one issue and/or complaint.  Plaintiff also was advised that the grievance was deficient because he wrote on the back of the form instead of using attachment pages.  With regard to his claim of staff misconduct, Plaintiff was advised that he must provide all pertinent information such as names, dates, times, places and specific details.  Plaintiff was also advised that if he feared staff retaliation he should file an informal grievance to the assistant warden. *Id*.

On December 19, 2012, Plaintiff filed an institutional grievance with the Warden, log number 1212-102-096, challenging his disciplinary report and referencing his allegations against Officer Sims, though he did not identify Sims by name.  Doc. 52 Exh. D.  The grievance was returned without action on December 20, 2012, because Plaintiff had written on the back of the form instead of using continuation pages.  Plaintiff was advised that "if you wish, you may correct the deficiency and return within the proper time frames." *Id*.

On December 26, 2012, Plaintiff filed another administrative appeal to the Office of the Secretary, assigned log number 12-6-40775.  Doc. 52 Exh. E.  The appeal was returned because Plaintiff had again included more than one issue or complaint in the appeal (a challenge to his disciplinary conviction and complaint against staff).  Plaintiff also had written on the back of the form.  Plaintiff was advised that if he feared staff he

should file an informal grievance with the assistant warden, and that he should use attachment pages instead of writing on the back of the form.  *Id*.

On December 27, 2012, Plaintiff submitted a self-created DC1-303 grievance form to the Warden's Office.   Doc. 52 Exh. F.  The handmade form was returned to Plaintiff without being logged, together with a blank grievance form.  Plaintiff was advised that he must re-file using the form and could include no more than two narrative pages.  *Id*.

On February 21, 2013, Plaintiff filed formal grievance log number 1302-102-077 with the Warden's Office.  Doc. 52, Exh. G.  Plaintiff complained that he had filed a "corrective" grievance, log number 1212-102-096 (the December 19, 2012, institutional grievance, that was returned without action on December 20, 2012) and had not received a response.  Plaintiff referenced the inmate assault that was allegedly instigated by Sims, and sought transfer to another prison.  *Id*.  The response returned the grievance on February 27, 2013 without processing, with the explanation that Plaintiff was addressing more than one issue (his complaint regarding not receiving a response to log number 1212-102-096 and his request for transfer).  *Id*.  Plaintiff was advised that he must initiate his administrative claims by submitting informal grievances via an Inmate Request before filing at the next level.  *Id*.

Also on February 21, 2013, Plaintiff filed an administrative appeal, log number 13-6-06645, to the Office of the Secretary.  Doc. 52, Exh. H.  Plaintiff referenced his previous administrative appeal, log number 13-6-39805, and claimed that he had sent three separate grievances to the Secretary on December 28, 2012, but had received no

response. The record does not, however, reflect that Plaintiff filed grievances on December 28, 2012. This grievance appeal (log number 13-6-06645) was returned to Plaintiff on March 8, 2013, with the explanation that he must submit his grievance first at the institutional level. The response also notes that appeal log number 13-6-39805 had been returned without action to Plaintiff (as set forth above, *see* Doc. 52, Exh. C), and that no other appeals had been received from Plaintiff in the interim period. *Id*.

On March 11, 2013, Plaintiff filed an informal grievance with the Warden stating that he had submitted formal grievance log number 1212-102-096 but had not received a response. As explained above, log number 1212-102-096 was returned to Plaintiff on December 20, 2012, because he had written on the back of the form. The March 13, 2013, informal grievance was denied on March 13, 2012, with explanations as to the disposition of Plaintiff's previous grievance. Plaintiff was also informed that the time frame to grieve the disciplinary conviction had elapsed. Doc. 52, Exh. I. The record does not reflect that Plaintiff pursued further administrative relief.

On this record, it is clear that Plaintiff failed to properly complete the three-step administrative grievance process with respect to the claim in this case that Defendant Sims provoked another inmate to attack Plaintiff. In his opposition to the motion to dismiss, Plaintiff "prays that this Honorable Court will overlook [Plaintiff's] errors and deficiencies, and rule on the present lawsuit merits." Doc. 59. Plaintiff points to other efforts he made to "exhaust" his claims, such as corresponding with the judge who presided over his criminal case, corresponding with the DOC Inspector General's Office, calling the Prison Help Line, and filing a Notice of Intent to Sue with the DOC Department of Risk Management. *Id*. None of these efforts serve as a substitute for

completion of the prison administrative remedy process.  It appears that prison and DOC officials took care to inform Plaintiff of the steps he needed to correctly grieve his claims against Officer Sims.  See Doc. 52, exhibits.  There is no material conflict in the factual allegations in Defendant's motion and those in Plaintiff's response insofar as concerns whether Plaintiff correctly completed the three-step grievance process.  Plaintiff did not do so, and pursuant to the PLRA, this case must be dismissed for failure to exhaust administrative remedies.  See Jones, 549 U.S. at 211; Turner, 541 F.3d at 1082.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, Doc. 52, should be **GRANTED** and this case should be **DISMISSED** for failure to exhaust administrative remedies before filing suit.

**IN CHAMBERS** in Gainesville, Florida, on February 18 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**